UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CHARLES PORTER,

        Plaintiff,

v.

LONNIE WADE, et. al.,

        Defendants,
_____/

Case No. 18-10273

HON. AVERN COHN

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Dennis Charles Porter filed a pro se complaint naming Lonnie Wade, a police officer, and the Detroit Police Department as defendants. Plaintiff has been granted permission to proceed without prepayment of the filing fee, i.e. in forma pauperis. In general, plaintiff claims he was subjected to excessive force. For the reasons that follow, the complaint will be summarily dismissed because it is barred by the statute of limitations.

### II. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must on its own dismiss an in forma pauperis complaint before service if it finds that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. Id. Moreover, a district court may raise the statute of limitations issue on its own while screening a civil rights complaint. See Scruggs v. Jones, 86 F. App'x. 916, 917

(6th Cir. 2004). A district court must read a pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept a plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

### III. Analysis

### A. The Complaint

Plaintiff claims that on May 31, 2009, he was subjected to excessive force when he was shot in the left knee-cap by Wade during a routine arrest. Plaintiff alleges that he was unarmed at the time. Plaintiff claims that the officer's actions amounted to cruel and unusual punishment. He seeks monetary damages.

Plaintiff's complaint is signed and dated January 17, 2018.

### B. Statute of Limitations

Plaintiff's claims are barred by the statute of limitations. In section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991). In Michigan, the three (3) year statute of limitations contained in M.C.L. § 600.5805(8) is the uniform limitations period to be applied to section 1983 claims which arise out of Michigan. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.1986).

Here, plaintiff's excessive force claim accrued from the date of his arrest, May 31, 2009. The complaint was not filed until 2018, more than eight years after the alleged excessive for took place. Thus, plaintiff's excessive force claim against the defendants is barred by the statute of limitations.

## IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

The Court further certifies that any appeal would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.


                    S/Avern Cohn
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE

Dated: March 6, 2018
       Detroit, Michigan